UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BARBARA SOSA, an individual,

        Plaintiff,

Case No.

v.

SEABOARD MARINE, LTD., INC., a
Foreign Profit Corporation,

        Defendant.
_____/

## COMPLAINT

Plaintiff, Barbara Sosa ("Sosa" or "Plaintiff"), by and through undersigned counsel brings this action against Defendant, Seaboard Marine, Ltd., Inc., ("Defendant"), and states as follows:

### INTRODUCTION

1. This is an action brought under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq* for alleged retaliation.

### PARTIES

2. Plaintiff, at all times material to this action, has been an individual residing in Miami Dade County, Florida, within the jurisdiction of this Court.

3. Defendant is an ocean transportation company providing services between North America, the Caribbean, Central and South America, headquartered in, and conducting business in, Miami, Florida in Miami Dade County, Florida within the jurisdiction of this Court.

4. Defendant is an "employer" as that term is defined in 29 U.S.C. § 2611(4)(A).

5. Defendant employs more than 50 employees within 75 miles of Plaintiff's work location.

## VENUE AND JURISDICTION

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant conducts business in this district and is subject to personal jurisdiction in this district for the purposes of this action.

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because claims brought herein constitute a federal question under the laws of the United States.

## STATEMENT OF FACTS

8. Plaintiff began her employment with Defendant on September 16, 2016.

9. Her position was that of Compliance Coordinator, and she was paid a rate of approximately $18.75/hour.

10. Plaintiff performed her job in a diligent and skillful manner.

11. Defendant, like most companies, were impacted by the Covid-19 pandemic. Indeed, many of Defendant's employees, including Plaintiff, were moved to remote work in March 2020.

12. Plaintiff successfully performed the duties of her position remotely without issue.

13. Plaintiff required a leave of absence for the birth of her child.

14. Therefore, she submitted the necessary documentation pursuant to Defendant's policies and procedures and requested leave pursuant to the Family and Medical Leave Act.

15. Defendant retains a third party, Lincoln Financial Group, to administer and oversee its leaves of absence.

16. On or about May 20, 2020, Plaintiff went out on a leave of absence pursuant to the Family and Medical Leave Act for the birth of her child.

17. On June 2, 2020, Plaintiff received notice from Lincoln Financial Group that her 12-week leave was approved through August 11, 2020.

18.     Prior to returning from her leave, on or about August 7, 2020, Defendant notified Plaintiff that she would no longer be able to work remotely.

19.     Plaintiff was concerned for the safety of her family as she had a newborn and lived with and cared for her elderly father.

20.     She notified Defendant of her concerns and asked that she be permitted to continue to work remotely when she returned from her leave as an accommodation since she had successfully done so prior to taking the leave.

21.     Although other employees were granted permission to work remotely, Defendant denied Plaintiff's request.

22.     Plaintiff asked Defendant to reconsider the denial by submitting a complaint to Gilma Lieber ("Ms. Lieber"), Human Resources.

23.     Ms. Lieber upheld the decision, and Plaintiff was told she would have to return to the office at the completion of her leave.

24.     Plaintiff informed Defendant she would need time to obtain child care for her newborn, which was difficult given the numerous closures due to the pandemic.

25.     Unfortunately, Plaintiff became ill and was concerned she had contracted the Covid-19 virus and she required testing.

26.     Plaintiff provided Defendant with her negative test results on August 20, 2020 and she was cleared to return to work on August 27, 2020.

27.     However, on August 23, 2020, Plaintiff's father began experiencing symptoms of the virus and was hospitalized.

28.     On August 29, 2020, Plaintiff spoke to her Manager, Lourdes Lopez and advised Ms. Lopez that Plaintiff's father had passed away that same day while in the hospital.

29. The next day, on August 30, 2020, Plaintiff emailed Gabriela Alcalde ("Ms. Alcalde"), Human Resources Coordinator, and informed her that her father passed away on August 29, 2020.

30. Defendant has a policy and/or practice of providing employees, including Plaintiff, with three (3) bereavement days.

31. Accordingly, Plaintiff expected to receive her three bereavement days to grieve the loss of her father.

32. Defendant failed to provide Plaintiff with any bereavement leave.

33. Instead, Defendant terminated Plaintiff on August 31, 2020.

34. Defendant's decision to terminate Plaintiff was not based on any legitimate business reason or based on any misconduct on the part of Plaintiff.

35. Instead, Defendant's decision to deny Plaintiff's request to work from home, its denial of her bereavement leave, and her termination was in retaliation for her requesting and taking leave under the Family and Medical Leave Act.

## COUNT I
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

36. Plaintiff incorporates by reference Paragraphs 1-35.

37. At all times Plaintiff was an "employee" as that term is defined by 29 U.S.C. § 2611(2)(A), and was eligible for up to 12 weeks of leave pursuant to the Family and Medical Leave Act.

38. Indeed, at the time Plaintiff requested and took her leave, she was employed for at least 12 months and worked at least 1,250 hours of service during the previous 12 months.

39. Plaintiff requested and took 12 weeks of leave under the Family and Medical Leave Act for the birth of her child.

40. Defendant violated 29 U.S.C. § 2615(a)(2) by denying Plaintiff the same accommodations as provided to other employees by way of working remotely from home upon her return from leave, and by terminating Plaintiff in retaliation for exercising her right to take leave under the Act.

41. Indeed, Section 2615(a)(2) provides, "It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."

42. Defendant's actions in denying Plaintiff the ability to continue to work remotely, failing to provide her with three (3) bereavement days and terminating her in retaliation for taking the leave pursuant to the Family and Medical Leave Act is a violation of Section 2615(a)(2), as described above.

43. Defendant held animosity towards Plaintiff for taking the leave and acted on that animosity by denying her benefits offered to other employees and by terminating her.

44. Other similarly situated employees who did not request and take leave under the Family and Medical Leave Act were permitted to continue to work remotely and were granted bereavement leave without being terminated.

45. Moreover, Plaintiff had successfully worked remotely prior to taking leave without any issues or interruption of operations.

46. Defendant's actions were a willful and intentional violation of Plaintiff's rights and sensibilities.

47. Plaintiff has sustained damages as a result of Defendant's unlawful actions, including lost wages and benefits, the loss of future employment, reasonable attorney's fees and costs in having to maintain this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

(a) judgment that Defendant engaged in unlawful employment practices in violation of the Family and Medical Leave Act;

(b) an injunction prohibiting Defendant from engaging in further unlawful employment practices in violation of the Family and Medical Leave Act;

(c) full back pay from the date of Plaintiff's termination, considering all raises to which Plaintiff would have been entitled but for her unlawful termination, and all fringe and retirement benefits of employment, with prejudgment interest thereon;

(d) reinstatement to Plaintiff's former position with Defendant, or in the alternative, front pay to compensate Plaintiff for lost future wages and benefits;

(e) reasonable attorney's fees and costs;

(f) an award of pre-judgment and post-judgment interest; and

(g) other and further relief as it deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: August 31, 2022                    Respectfully submitted,

*/s/Hazel Solis Rojas*
Hazel Solis Rojas, Esquire
Florida Bar No. 91663
E-mail: hazel@solisrojaslaw.com
LAW OFFICE OF HAZEL SOLIS ROJAS, P.A.
3105 NW 107th Avenue, Suite 400
Doral, Florida 33172
Telephone: (305) 558-8402
Attorneys for Plaintiff